FILED
U.S. District Court
District of Kansas

SEP 17 2015

Clerk, U.S. District Court
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Wichita Docket)

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| Plaintiff, | } |
| v. | } Case No. 15-10144-01-GEB |
| LE GRANDE TETONS, LLC, d/b/a Twin Peaks, | } |
| Defendant. | } |

## PLEA AGREEMENT

The United States of America, by and through Barry R. Grissom, United States Attorney, and Brent I. Anderson, assistant United States attorney, and the defendant, Le Grande Tetons, LLC, by and through defendant's counsel Scott A. Eads, Klenda Austerman LLC, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to waive indictment in writing and to plead guilty to Count 1 of the Information, which charges a violation of Title 8, United States Code, Section 1324a(f)(1), engaging in a pattern or practice of employing aliens not authorized to work. By entering into

this plea agreement, the defendant admits to knowingly committing the offense alleged in Count 1, and to being guilty of this offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Information to which the defendant has agreed to plead guilty is a fine of up to $3,000 for each alien employed who was not authorized to be employed in the United States.

2.  **Factual Basis for the Guilty Plea.**     The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> **Count 1, 8 U.S.C. 1324a(f)(1), pattern or practice of employing unauthorized aliens:** Between September 2013 and continuing until July 2015, the defendant routinely and regularly employed aliens who were not authorized to be employed in the United States, in violation of the employment eligibility verification program requirements set out at 8 U.S.C. § 1324a(a)(1)(B) and (h)(3). The defendant employed the aliens at Twin Peaks, a restaurant and bar operated by the defendant at 8310 E. 21st St., Wichita, Kansas, and allowed some of such aliens to be used by Paradise West, LLC, at its Twin Peaks restaurant operations located at 7325 W. Taft, Wichita, Kansas. The defendant's actions constituted a "pattern or practice" because, despite a U.S. Department of Homeland Security employment practices inspection in September 2013 that identified more than 20 "unauthorized" alien employees – aliens not authorized to work in the U.S., and despite a store manager's promise to cease and desist from such employment practices, in 2014 the defendant's management staff again knowingly hired aliens not authorized to work, including at least six employees who were among the more than 20 identified in September 2013. A total of at least 30 unauthorized aliens were employed by the defendant between September 2013 and July 2015.

3. **Application of the Sentencing Guidelines.** The parties submit to the Court that the sentence requested by the parties herein does not offend the now-advisory federal sentencing guidelines.

4. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

    a. To not file any additional charges against Le Grande Tetons, LLC, Paradise West, LLC, their owners, officers, directors, or current or former employees arising out of the facts forming the basis for the Information, with the exception of two former management employees of Le Grande Tetons, LLC, who remain under investigation and whose identities are known to the United States and to the defendant.

    b. To recommend, together with the defendant, a fine of $50,000, based on the employment of about 30 unauthorized aliens; and

    c. To recommend, together with the defendant, waiver of the presentence investigation report and immediate sentencing.

The government's obligation concerning its agreements listed in this paragraph are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to its involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true,

willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to request a hearing to determine if the defendant has breached this agreement.

In the event the Court finds the defendant has breached this plea agreement or otherwise failed to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred.

5. **Defendant's additional agreement.** The defendant specifically agrees, as an integral part of this plea agreement, if approved by the Court, that it will pay the $50,000 fine contemplated by this agreement within 180 days of its guilty plea. If the defendant fails to pay the fine as agreed, the United States is permitted hereunder to move to set aside the guilty plea and this plea agreement and to proceed in the case as if no plea had been made; the defendant agrees herein not to oppose the government's motion to set aside in any way.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the

4

United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

7. **Withdrawal of Plea Not Permitted.** The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

8. **Crime Victims Fund Special Assessment.** The defendant understands that a mandatory special assessment of $50 will be entered against the defendant at the time of sentencing, and the defendant agrees to pay the assessment at or soon after the time of sentencing.

9. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal the sentence contemplated herein. The defendant also waives any right

to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b).

10. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552 and the defendant waives any rights conferred under the Privacy Act of 1974, Title 5, U.S.C. § 552a to prevent or object to the disclosure of records or materials pertaining to this case.

11. **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, Title 18, U.S.C. § 3006A, for attorneys fees and other litigation expenses arising out of the investigation or prosecution of this matter.

12. **Full Disclosure by United States.** The defendant understands the United States may be called upon to provide to the court and the United States Probation Office all information it has in its possession related to this case to assist the Court in determining an appropriate sentence. This may include information concerning the background and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the counts to which the defendant has pled guilty. Furthermore, the United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office consistent with this plea agreement.

13. **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

14. **No Other Agreements.** The defendant has had sufficient time to review this case, the evidence, and this agreement with the defendant's attorneys

and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that it has reviewed the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

_____ Date: 9-17-2015
Barry R. Grissom
United States Attorney

_____ Date: 9-17-2015
Brent I. Anderson
Assistant U.S. Attorney

_____ Date: 9-17-2015
Scott A. Eads
Klenda Austerman LLC
Attorney for Defendant